## SAMUEL J. WALKER

*v.*

## THE PEOPLE *ex rel.* RUMSEY.

CITY OF CHICAGO — *revenue act not applicable to.* Section 6 of the act of March 22, 1872, entitled " An act to provide for the collection of revenue, and for the sale of real estate for non-payment of taxes or special assessments for State, county, municipal or other purposes," does not apply to the city of Chicago, for the reason that its legislative authority did not have the power to direct the time and manner of the return of the collector's warrants therein provided for.

APPEAL from the Circuit Court of Cook county.

Mr. EDWARD ROBY, for the appellant.

Mr. T. LYLE DICKEY, and Mr. FRANCIS ADAMS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Application was made to the county court of Cook county, in the present case, for judgment for delinquent city taxes and special assessments, levied by the city of Chicago for the years 1867, 1868, 1869 and 1871, at the September term thereof in 1872. The return made by the collector, notice given, and other proceedings had for the purpose of obtaining judgment, are claimed to have been pursuant to the provisions of the act of March 22d, 1872, entitled "An act to provide for the collection of revenue, and for the sale of real estate for non-payment of taxes or special assessments for State, county, municipal or other purposes."

We held, at the present term, in *Smith* v. *The People ex rel. Rumsey, ante,* p. 36, that the sixth section of that act did not apply to the city of Chicago, for the reason that its legislative authority did not have the right to direct the time and manner

of the return therein provided for.   In conformity with that ruling we must hold that the county court did not acquire jurisdiction to render judgment in this case, and this objection, of course, could not be cured by appeal to the circuit court.

The judgment is reversed and the cause remanded.

*Judgment reversed.*